905 F.2d 1537
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The CLEVELAND ELECTRIC ILLUMINATING COMPANY, Petitioner,
v.
Interstate Commerce Commission; United States of America, Respondents
Association of American Railroads; The Rubber Manufacturers
Association; Edison Electric Institute; Baltimore Gas and
Electric Company; Niagara Mohawk Power Corporation; Orange
and Rockland Utilities, Inc.; The Fertilizer Institute;
Association of American Railroads; Western Coal Traffic
League, Intervenors.
 No. 89-3257.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1990.
 
 1
 Before KRUPANSKY and ALAN E. NORRIS, Circuit Judges; and WENDELL A. MILES, Senior District Judge*.
 
 ORDER
 
 2
 Intervenor Association of American Railroads and Consolidated Rail Corporation, petitioner in consolidated Case No. 89-3682, move to transfer these petitions for review to the United States Court of Appeals for the District of Columbia. Numerous responses opposing the motion have been filed.
 
 
 3
 This controversy has its roots in numerous Interstate Commerce Commission ("ICC") decisions regarding Sec. 203(a) of the Staggers Rail Act of 1980, Pub.L. No. 96-448, 94 Stat. 1895 (presently 49 U.S.C. Sec. 10707a). This provision requires the ICC to publish a quarterly index of rail costs, which is denominated the Rail Cost Adjustment Factor ("RCAF") and also provides that increases in railroad rates which are not greater than changes in the cost index are not subject to attack by either the ICC or shippers. Since 1980, various entities subject to Sec. 10707a have raised numerous challenges to the ICC's implementation of such section, most of which have led to judicial review before the Court of Appeals of the District of Columbia.
 
 
 4
 On November 17, 1988, the ICC issued notice of proposed rulemaking, in Ex Parte No. 290 (Sub No. 4), in order to draft a change to the regulations in the form of a "productivity adjustment." Subsequently, interested parties filed comments regarding the proposed change. On March 22, 1989, the ICC issued Ex Parte No. 290 (Sub No. 5) setting forth the new rate index level for the second quarter of 1989. The ICC also decided to adopt and to implement a productivity adjustment.
 
 
 5
 Numerous parties have filed petitions for review of the March 22, 1989 and March 24, 1989 decisions in various federal circuit courts of appeal across the country. On April 11, 1989, the judicial panel on multidistrict litigation conducted a lottery and ordered that all of the pending petitions for review of the March 22, 1989 order be transferred to the Court of Appeals for the District of Columbia and that the petitions for review of the March 24, 1989 order be transferred to this court. The D.C. Circuit has stayed resolution of the cases before it pending this court's resolution of the motion to transfer and/or the substantive issues in the cases.
 
 
 6
 Upon consideration of the relevant documents, we find the motion to transfer to be well taken. See Dayton Power & Light Co. v. EPA, 520 F.2d 703 (6th Cir.1975). In the interests of justice, it is ORDERED that the consolidated petitions for review be transferred to the Court of Appeals for the District of Columbia.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation